JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

18-C-0266

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jane Doe

## DEFENDANTS
Homesite Remodeling, Inc., Mike McKenzie (individually), Jim Brown (individually)

**(b)** County of Residence of First Listed Plaintiff  Montgomery County, Pennsylvania
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Bucks County, Pennsylvania
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andres Jalon, Esquire, Derek Smith Law Group,
1845 Walnut Street, Suite 1601, Philadelphia, Pennsylvania 19103

Attorneys *(If Known)* Arthur T. Healey Esquire, 140e Heritage Village, Southbury, CT 06488

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ' 1 | ' 1 | Incorporated *or* Principal Place of Business In This State | ' 4 | ' 4 |
| Citizen of Another State | ' 2 | ' 2 | Incorporated *and* Principal Place of Business In Another State | ' 5 | ' 5 |
| Citizen or Subject of a Foreign Country | ' 3 | ' 3 | Foreign Nation | ' 6 | ' 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ' 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ' 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ' 423 Withdrawal 28 USC 157 | ' 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ' 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ' 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ' 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ' 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ' 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ' 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ' 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ' 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ' 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | | ' 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ' 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ' 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ' 751 Family and Medical Leave Act | ' 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ' 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ' 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ' Yes ' No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

JAN 22 2018

DATE  1/22/18
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JANE DOE | : | CIVIL ACTION |
| v. | : | |
| HOMESITE REMODELING, INC., Mike McKenzie (Individually), Jim Brown (individually: | : | NO. 18   266 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.              ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                          (X)

| | | |
|---|---|---|
| 1/22/18 | Andres Jaion, Esquire | Plaintiff, Jane Doe |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4790 | 215-893-5288 | andres@dereksmithlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JAN 22 2018

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

18     266

Address of Plaintiff: _Andres Jalon, Esquire, Derek Smith Law 1845 Walnut Street, Suite 1601, Philadelphia, Pennsylvania 19103_

Address of Defendant: _Homesite Remodeling, Inc. 312 North Wales Road, North Wales, Pennsylvania 19454_

Place of Accident, Incident or Transaction: _North Wales, Pennsylvania (Bucks County)_
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes ☐   No ☒

Does this case involve multidistrict litigation possibilities?    Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes ☐   No ☒

---

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A  Federal Question Cases:
 1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
 2. ☐ FELA
 3. ☐ Jones Act-Personal Injury
 4. ☐ Antitrust
 5. ☐ Patent
 6. ☐ Labor-Management Relations
 7. ✓ Civil Rights
 8. ☐ Habeas Corpus
 9. ☐ Securities Act(s) Cases
 10. ☐ Social Security Review Cases
 11. ☐ All other Federal Question Cases
     (Please specify) _____

B  Diversity Jurisdiction Cases:
 1. ☐ Insurance Contract and Other Contracts
 2. ☐ Airplane Personal Injury
 3. ☐ Assault, Defamation
 4. ☐ Marine Personal Injury
 5. ☐ Motor Vehicle Personal Injury
 6. ☐ Other Personal Injury (Please specify)
 7. ☐ Products Liability
 8. ☐ Products Liability — Asbestos
 9. ☐ All other Diversity Cases
    (Please specify) _____

---

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Andres Jalon, Esquire_, counsel of record do hereby certify:
 ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
 ☐ Relief other than monetary damages is sought.

DATE: 01/22/18   _Andres Jalon, Esquire_   83685
                    Attorney-at-Law           Attorney I.D.#

JAN 22 2018

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 01/22/18   _Andres Jalon, Esquire_   83685
                    Attorney-at-Law           Attorney I.D.#

CIV. 609 (5/2012)

**JHS**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

----------------------------------------------------------------X

| | |
|---|---|
| JANE DOE,<br>Plaintiff, | Civil Action No.:<br>**18  266** |
| -against- | **COMPLAINT** |
| HOMESITE REMODELING, INC., MIKE Mc KENZIE (individually), JIM BROWN (individually)<br><br>Defendant. | Plaintiff Demands<br>Trial by Jury |

----------------------------------------------------------------X

Plaintiff, JANE DOE, as and for her Complaint against the above Defendants respectfully alleges upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq., ("Title VII"). Plaintiff also complains pursuant to the Pennsylvania Human Relations Act, 43 P.S. Section 951 et seq., ("PHRA") and seeks damages to redress the injuries Plaintiff suffered as a result of gender discrimination, pregnancy discrimination, sexual discrimination, unlawful termination and retaliation by Defendants, as set forth in this complaint.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon the court as this action involves a Federal Question under the Civil Rights Act of 1964. The Court also has supplemental jurisdiction over the State Causes of Action.

3. Venue is conferred upon this district court since both Plaintiff and Defendant are residents of the Commonwealth of Pennsylvania and the controversy occurred within the Eastern District of Pennsylvania.

4. This controversy exceeds $150,000.00, excluding interest, attorney's fees and damages.

3. On or around March 18, 2016, Plaintiff dual-filed charges with the EEOC and PHRC against Defendants as set forth herein.

4. On or around October 24, 2017, the EEOC issued Plaintiff a Right to Sue.

5. This action is being commenced within 90 days of receipt of the EEOC Right to Sue Letter.

## PARTIES

6. Plaintiff, Jane Doe, is a female individual (hereinafter, referred to as Plaintiff or "DOE"), residing in the Commonwealth of Pennsylvania.

7. At all times material, Defendant is Homesite Remodeling, Inc. (hereinafter referred to as Defendant or "HOMESITE") is a domestic corporation, duly registered in the Commonwealth of Pennsylvania.

8. At all times material, Defendant Mike McKenzie (hereinafter referred to as Defendant or "MCKENZIE"), was employed by Defendant HOMESITE in a supervisory capacity.

9. At all times material, Defendant Jim Brown (hereinafter referred to as Defendant or "BROWN"), was and remains the owner of HOMESITE.

## MATERIAL FACTS

10. In or around the end of December 2015, Plaintiff became aware that she was approximately twelve weeks pregnant.

11. In or around January 2016, Plaintiff began working for HOMESITE as a "Telemarketer."

12. In or around the middle of January 2016, Plaintiff notified several of HOMESITE's employees that she was pregnant, including her supervisor MCKENZIE.

13. Throughout Plaintiff's employment with Defendants', after she reported that she was pregnant, Plaintiff was subjected to numerous acts of sexual harassment, gender discrimination, retaliation and hostile work environment.

14. In or around February 2016, MCKENZIE began to treat Plaintiff differently. MCKENZIE began regularly talking to Plaintiff in an offensive, unwelcome, and sexually obscene manner. Plaintiff didn't know what to do, but she was certain that if she didn't "play along" she would be terminated by MCKENZIE.

15. At all times material, MCKENZIE would lurk and linger near Plaintiff while she was working. MCKENZIE would make sexually explicit comments about Plaintiff's appearance stating that she was "sexy" and "made him hot." Plaintiff found MCKENZIE's actions bothersome and it made her very anxious. Plaintiff needed to stay employed so she engaged MCKENZIE behavior hoping that at some point, even if that came after the delivery of her child, MCKENZIE would leave her alone.

16. MCKENZIE became overbearing, demanded that Plaintiff tell him when she scheduled all of her obstetrician/gynecologist appointments. Plaintiff found these questions alarming and became concerned with MCKENZIE's escalating behavior.

17. On or around March 24, 2016, MCKENZIE told Plaintiff that "you're pregnancy is so hot because that mean's I cannot get you pregnant."

18. That evening, following Plaintiff's shift, MCKENZIE became more aggressive with Plaintiff. MCKENZIE began sending Plaintiff sexually explicit and offensive text messages.

19. By means of example only, MCKENZIE regularly asked, "When are you gonna text dirty to me?"

20. MCKENZIE would send Plaintiff's messages such as "tell me what you like," "my shits swelling," "I gotta see those titties," and sending picture messages of his penis.

21. At all times material, MCKENZIE knew his behavior was sexually offensive and not permitted, even sending Plaintiff a text message on one occasion, after asking for provocative pictures, "my gonna get fired, lol."

22. On or around March 28, 2016, Plaintiff called out of work sick.

23. On or around March 29, 2016, MCKENZIE cornered Plaintiff upon her return to work demanding to know how she was feeling. Plaintiff was becoming intolerant of MCKENZIE's intrusive behavior and feared that the stress from MCKENZIE's behavior would affect her pregnancy.

24. Throughout the rest of the day, MCKENZIE proceeded to call Plaintiff "sexy" and "a freak." Plaintiff was horrified and decided that she would not allow any further escalation of MCKENZIE's lecherous behavior and inappropriate conduct.

25. On or around April 8, 2016, Plaintiff reported the ongoing sexual harassment by MCKENZIE to BROWN. In turn, BROWN questioned Plaintiff about the harassment, stating, "You do know these are very strong accusations?"

26. Plaintiff was honest with BROWN, stating that she had sent some provocative messages to MCKENZIE when he demanded them, explaining "I did what I had to do to keep my job and support my baby." Plaintiff stated that she felt uncomfortable working near MCKENZIE and that his behavior had escalated.

27. BROWN stated that he would look into the claims of sexual harassment and call Plaintiff the following week.

28. BROWN never properly investigated MCKENZIE's conduct and comments and never took appropriate corrective action. BROWN made no effort to contact or follow up with Plaintiff.

29. On or around April 15, 2016, one week after Plaintiff's report to BROWN, Defendants' constructively discharged Plaintiff.

30. Defendant's made conditions so unbearable for the Plaintiff that no woman in Plaintiff's shoes would have been expected to continue working under such conditions.

31. That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

32. Plaintiff suffers from regular panic attacks and nightmares relating to Respondents' conduct.

33. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

34. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

35. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendants.

36. The above are just some examples of some of the discrimination to which Defendants subjected Plaintiff.

37. The Defendants have exhibited a pattern discrimination.

### AS A FIRST CAUSE OF ACTION
### FOR DISCRIMINATION UNDER TITLE VII
### (Not Against Individual Defendants)

38. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

40. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e, *et seq.*, by discriminating against Plaintiff because of her sex, gender and pregnancy.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

41. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

*43.* Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

44. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

45. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

46. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex and gender.

47. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION UNDER STATE LAW

48. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

49. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated:       Philadelphia, Pennsylvania
              January 22, 2018

**DEREK SMITH LAW GROUP, PLLC**
**Attorneys for Plaintiff**

By: _____
Andres Valon, Esq.
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
(215) 391-4790
andres@dereksmithlaw.com